Jim Mackie, SBN 013314
Susan M. Wilson, SBN 014934
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.,
3430 E. Sunrise Drive, Suite 220
Tucson, AZ 85718
Telephone: 520-544-0300
Fax: 520-544-9675
jim.mackie@ogletree.com
susan.wilson@ogletree.com
Attorneys for Defendant Walgreen Co.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Cameron Goolsby,<br><br>              Plaintiff,<br><br>       v.<br><br>Walgreen Co.<br><br>              Defendant. | No.<br><br>**NOTICE OF REMOVAL** |

TO:  UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441(a) & (b), 1446, LR Civ. P. Rule 3.6 and Fed. R. Civ. P. Rule 11, Defendant Walgreen Co. ("Defendant" or "Walgreens") hereby removes this civil action from the Superior Court of the State of Arizona, County of Pima, to the United States District Court for the District of Arizona.  In support of the removal, Defendant states as follows:

1.      Plaintiff Cameron Goolsby ("Plaintiff") filed a civil action against Defendant on or about August 11, 2020 in the Superior Court of Arizona, Pima County, as Case No. C20203399 (the "State Court Action").  Copies of the Petition (or Summons) and Complaint are attached as Exhibit A.

2.      As set forth below, the Complaint was first lawfully served on Walgreens on

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520-544-0300

September 29, 2020.

3.    Prior to that, on September 15, 2020, Plaintiff filed an Application and Affidavit for Default.  ("Application for Default") in the Superior Court Action.  A copy of the Application for Default is attached as Exhibit B.

4.    Walgreens, however, was not actually in default, as Walgreens had not been served with the Summons and Complaint as required by Rule 4.2 (h), Ariz. R. Civ. P.

5.    Although the Application for Default itself does not identify the date or form of the purported service of process on Walgreens, it does include an attachment –a printout titled "USPS Tracking," from USPS.com, a website of the United Stated Postal Service – indicating that Plaintiff based the Application for Default on purported service of the Summons and Complaint by U.S. Mail.[1]  Direct mail service upon a corporation located outside of Arizona, is not a valid form of service under Rule 4.2(h).[2]

6.    Plaintiff's Application for Default was served by process server on Walgreens' corporate headquarters, in Deerfield, Illinois.   However, although the Application for Default was filed on September 15, 2020, and contained a certification that it was served by process server on September 15, 2020, it was actually personally served on *September 25, 2020*.  *See* Exhibit B, p. 2.

7.    Although the Notice was legally ineffective pursuant to Rule 55(3)(C), Ariz. R. Civ. P., Plaintiff's Application for Default alerted Walgreens for the first time  that

---

[1] Notably, the printout merely suggests, but does not establish, that service of process was effected by mail. More specifically, the printout indicates only that an "item" was "delivered at 9:45 am on August 15, 2020 (a Saturday) in DEERFIELD, IL 60015" and was "signed for by T JAMES."  The printout contains no information as to what type of item was delivered, or where in Deerfield, IL the item was delivered, and it does not indicate in any manner that the item was delivered to Walgreens.  Importantly, while Walgreens does have its headquarters in Deerfield, Illinois, it does not accept service at that location. Indeed, since March, those offices have been mostly empty as employees have worked remotely due to the COVID-19 Pandemic.

[2] In addition, Walgreens does not employ anyone by the name of "T. James" at its corporate office, nor is "T. James" a partner, officer, managing or general agent, or other agent authorized by law to receive service of process on behalf of Walgreen Co.  Walgreens' authorized agent for service of process in Illinois is Illinois Corporation Service Company in Springfield, IL.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520-544-0300

Plaintiff had been trying to effectuate service. In the interest of judicial economy, to avoid an erroneous default from becoming effective against it, and to avoid additional cost to all parties, Defendant and its counsel decided to take proactive, productive steps to move this matter forward.

8. Undersigned counsel reached out to Plaintiff regarding the ineffective service of process, and offered to accept service of the Summons and Complaint in order to efficiently get this matter on track and avoid having to restart the service process.

9. In a telephone conversation and follow-up email exchange on September 29, 2020, Plaintiff acknowledged that Defendant had not been not properly served with the Summons and Complaint in the State Court Action, or notified of Plaintiff's subsequent Application for Default. Undersigned counsel then accepted service of the Summons and Complaint on Walgreens' behalf, effective September 29, 2020, and the parties acknowledged and agreed that September 29th, 2020 was the lawful date of service for Walgreens. A copy of Plaintiff's email acknowledging September 29, 2020 as the lawful service date for the Complaint is attached as Exhibit C.

10. That same day, Defendant filed an Acceptance of Service in the State Court Action (effective that date), pursuant to Rule 4(f)(2), Ariz. R. Civ. P. A copy of the Acceptance of Service is attached as Exhibit D.

11. On September 29, 2020, Defendant also filed an Answer to Plaintiff's Complaint, a copy of which is attached as Exhibit E. The timely filing of this Answer prevented the improperly and ineffectively served Application for Default from becoming effective.

12. This Notice of Removal is timely filed within 30 days of Defendant's September 29, 2020 Acceptance of Service of Process. *See Murphey Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) (The 30 day removal period does not begin until proper service of the complaint under applicable state law.)

13. Copies of all other documents filed with the Pima County Superior Court, and not previously referenced herein, are attached hereto as Exhibits F – H. The State

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520-544-0300

3

Court Action is pending in the Superior Court of Arizona, Pima County, which court is in the territory of the Tucson Division of the U.S. District Court for the District of Arizona.

**I.      This Court Has Federal Question Jurisdiction Under 28 U.S.C. §1331**

14.      The Complaint asserts claims for violation of federal laws, specifically Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. § 2000e *et seq.*, ("Title VII") and The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 *et seq.*

15.      Because Plaintiff has asserted claims alleging violations of Title VII and the ADEA, his Complaint invokes federal question jurisdiction in this Court, and is removable, under 28 U.S.C. § 1331.

**II.      This Court Has Diversity Jurisdiction Under 28 U.S.C. §1332**

16.  Plaintiff is an Arizona resident and Defendant is an Illinois corporation with its principal place of business in Illinois.

17.  Accordingly, complete diversity of citizenship exists between the parties.

18.  Plaintiff's Complaint alleges that he is seeking compensatory damages for past and future wages in the amount of $288,000, general damages in the amount of $800,000, and punitive damages in the amount of $800,000.

19.  Accordingly, Plaintiff's Complaint seeks damages and other relief in an amount exceeding $75,000.

20.  This Court also has original jurisdiction over this action under the provisions of 28 U.S.C. §1332, in that complete diversity exists with regard to the citizenship of the parties and the amount in controversy exceeds $75,000.  Therefore, this action is also removable to this Court pursuant to 28 U.S.C. §1441 (a) and (b).

**III.      Defendant Has Fulfilled All Requirements For Removal**

21.  Defendant, in accordance with LR Civ. P. 3.6 affirmatively states that a copy of this Notice has been filed with the Clerk of the Superior Court of Arizona, Pima County.

22.  Plaintiff was served with a copy of this Notice.

23.  Pursuant to 28 U.S.C. §1446 (a) and LR Civ. P. 3.6, copies of all pleadings and

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520-544-0300

4

other documents that were previously filed in Pima County Superior Court are attached hereto. A copy of the most recent version of the docket in the State Court Action is attached as Exhibit I.

24. This Notice of Removal is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant respectfully requests that this Action be removed from the Superior of Arizona, Pima County, to this Court.

RESPECTFULLY SUBMITTED this 9th day of October 2020.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: s/Susan M. Wilson_____
Jim Mackie
Susan M. Wilson
3430 E. Sunrise Drive, Suite 220
Tucson, AZ  85718
Attorneys for Defendant Walgreen Co.

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October 2020 I served the attached document by regular mail on the following who is not a registered participant of the CM/ECF System:

Cameron Goolsby
5637 W. Shady Grove Drive
Tucson, AZ  85742
Plaintiff *Pro Se*

s/ Barbara A. Stamm_____

44518559.1

44529509.1

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520-544-0300